UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-mj-8457-BER

UNITED STATES OF AMERICA

v.

GUTHEMBERG FRANCISMAR OLIVEIRA,

Defendant.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)?   No

2. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023?  No

3. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024?  No

4. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024?  No

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

BY: /s/ John C. McMillan
JOHN C. McMILLAN
ASSISTANT UNITED STATES ATTORNEY
Admin. No. A5500228
500 S. Australian Ave., Suite 400
West Palm Beach, FL 33401
Office:   (561) 820-8711
John.mcmillan@usdoj.gov

AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br><br>GUTHEMBERG FRANCISMAR OLIVEIRA,<br><br>*Defendant(s)* | )<br>)<br>)  Case No.  25-mj-8457-BER<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ___07/27/2025___ in the county of ___Palm Beach___ in the ___Southern___ District of ___Florida___, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 8 U.S.C. § 1253(b) | Willful failure to comply with terms of release under supervision |

FILED BY ___TM___ D.C.

**Aug 21, 2025**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

This criminal complaint is based on these facts:
See attached Affidavit

☑ Continued on the attached sheet.

**DANIEL RENDUELES**
Digitally signed by DANIEL RENDUELES
Date: 2025.08.21 15:13:56 -04'00'

*Complainant's signature*

Daniel Rendueles, Deportation Office, ICE
*Printed name and title*

Subscribed and sworn to before me in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone (Facetime).

Digitally signed by Bruce Reinhart
Date: 2025.08.21 15:43:07 -04'00'

Date: _____

*Judge's signature*

City and state: ___West Palm Beach, Florida___      Bruce Reinhart, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT
### Case No. 25-mj-8457-BER

I, Daniel Rendueles, having been duly sworn, do hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a federal officer with the United States Department of Homeland Security ("DHS"),Immigration and Customs Enforcement ("ICE"), Enforcement ad Removal Operations ("ERO") and have been so employed since November 2017. My current responsibilities include the investigation of criminal, civil, and administrative violations related to the Immigration and Nationality Act, and other federal criminal offenses contained in Title 8 and 18 of the United States States Code, to include the reentry of illegal aliens into the United States. During my 7 years of law enforcement experience, I have participated in numerous criminal and administrative immigration-related investigations. I am an "investigative or law enforcement officer" within the meaning of 18 U.S.C. § 2510(7).

2. This Affidavit is being submitted for the limited purpose of establishing probable cause in support of a criminal complaint and arrest warrant against that Guthember OLIVEIRA ("OLIVEIRA"), DOB: 06/1984, for willful failure to comply with terms of release under supervision in violation of Title 8 U.S.C. § 1253(a)(b)- Alternative to Detention Absconder and Title 8, United States Code, Section 1253(b), which mandates OLIVEIRA to comply and depart from the U.S. when required by law or by an order of an immigration judge.

3. The statements contained in this Affidavit are based on my own personal knowledge, as well as information provided to me by other law enforcement and law enforcement support personnel. I have not included in this Affidavit every fact and circumstance known to me, but only the facts and circumstances to establish probable cause in support of a criminal complaint.

## FACTS IN SUPPORT OF PROBABLE CAUSE

4. On the basis of your affiant's review of United States Immigration records maintained by the United States Department of Homeland Security, your affiant is aware that OLIVEIRA is not a citizen or national of the United States. OLIVEIRA is a native and citizen of Brazil by virtue of birth.

5. On or about June 07, 2005, OLIVEIRA illegally entered the United States by wading cross the Rio Grande River without inspection. OLIVEIRA was encountered by the U.S. Border Patrol (USBP) near Rio Grande City, Texas, and determined to be unlawfully present in the United States. On this same date, USBP arrested OLIVEIRA and transported him to the Rio Grande City Border Patrol Station for processing. OLIVEIRA was served with a Notice to Appear, Form I-862, charging him as inadmissible under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act, as amended, advising him that he was an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General. Shortly thereafter, USBP released OLIVEIRA on an Order of Recognizance, Form I-220A.

6. On September 19, 2005, an Immigration Judge in Harlingen, Texas, ordered OLIVEIRA removed in Absentia to Brazil.

7. On June 1, 2008, ICE Boston, in coordination with the Holliston Police Department, encountered OLIVEIRA in Middlesex County, Massachusetts. Following this encounter, ICE Boston subsequently lodged an Immigration Detainer, Form I-247A, with Holliston Police Department. At the time, OLIVEIRA was incarcerated for Driving without a Valid License and Giving False Name to a Police Officer.

On the same date, OLIVEIRA was transferred to ICE custody and transported to the Plymouth County Correctional Facility in Plymouth, Massachusetts.

8. On August 05, 2008, OLIVEIRA was removed from the U.S. via commercial airline from New York, New York to Brazil.

9. On an unknown date and time OLIVEIRA unlawfully reentered the United States without inspection or parole and without permission from the US Attorney General or the Secretary of the Department of Homeland Security.

10. On November 14, 2022, USBP encountered OLIVEIRA in the Yuma Border Patrol Sector and determined he was unlawfully present in the United States. On the same date, USBP served OLIVEIRA with a Notice of Intent/Decision to Reinstate Prior Order, Form I-871, charging him with removability under Section 212(a)(9)(A)(ii) of the Immigration and Nationality Act (INA) as a previously removed alien. A search of the records maintained by the United States Citizenship and Immigration Services further disclosed that OLIVEIRA ever applied for or received permission from the United States Attorney General or his successor, the Secretary for Homeland Security (Title 6, United States Code, Sections 202(3), 202(4), and 557), to return and apply for admission into the United States after having been removed.

11. On November 15, 2022, OLIVEIRA was released on an Order of Supervision, Form I-200B, and enrolled in the Alternative to Detention (ATD) program. On November 15, 2022, OLIVEIRA signed his Order of Supervision (OS).  The OS contained a witnessed signed acknowledgment by OLIVEIRA that he had read the contents of the order, received a copy, and understood that "that failure to comply with the terms of the order subject  may subject [him] to a fine, detention, or prosecution."  Said OS further contained the following express conditions, as designated by filled checkoff boxes:

    ▣ That you appear in person at the time and place specified, upon each and every request of the agency, for identification and for deportation or removal.

    . . . .

    ▣ That you furnish written notice to this agency of any change of residence or employment 48 hours prior to such change.

    . . . .

    ▣ That you do not commit any crimes while on this Order of Supervision.

12. OLIVEIRA provided ICE with the address of 750 NE 45th Street, Deerfield Beach, Florida 33064. Your affiant is aware that Deerfield Beach is located in Broward County, Southern District of Florida. OLIVEIRA was instructed to report in person to the ICE Miami office located in Miramar, FL on December 8, 2022.

13. On or about March 5, 2025, OLIVEIRA failed to comply with the Order of Supervision and ATD program by missing a scheduled virtual office visit-video conference call.

14. On or about March 7, 2025, OLIVEIRA failed to comply with the Order of Supervision and ATD program by missing a scheduled biometric check-in call.

15. Due to the foregoing non-compliance, on or about March 11, 2025, OLIVEIRA was terminated from the Alternative to Detention Program as a program absconder. The defendant's willful actions violated Title 8 U.S.C. § 1253(a)(b)- Alternative to Detention Absconder and Title 8 U.S.C. § 1253(b), which mandates OLIVEIRA to comply and depart from the U.S. when required by law or by an order of an immigration judge.

16. On or about July 27, 2025, at approximately 2:00 pm, ICE Officers, in conjunction with U.S. Customs and Border Protection (CBP) Officers located OLIVEIRA in Boca Raton, Palm Beach County, Southern District of Florida, and attempted to execute an Administrative Warrant on OLIVEIRA as he exited his residence located at 11913 Watergate Circle, Boca Raton, Palm Beach County, Southern District of Flordia 33428. Your affiant notes that based on the following

4

facts, OLIVEIRA was observed by officers to be residing at 11913 Watergate Circle address in Palm Beach County, Southern District of Florida, with his spouse, without having given written notice to ICE of his of change of residence as required by the terms of his OS.

17. Upon arriving at the residence, Officers observed two vehicles parked in front of the target location: a 2013 white Acura RDX (FL tag# JRFL70) and a 2012 gray Dodge Caravan (FL tag#BZ83EE). Both vehicles are registered in the State of Florida to a V.A.P-O, OLIVEIRA's wife. During a second surveillance pass, Officers observed and positively identified OLIVEIRA standing outside the residence while taking out the trash.

18. At approximately 2:05 pm, Officers observed the white Acura RDX depart the residence. At the time, it was unknown if OLIVEIRA was inside the vehicle. Officers begun mobile surveillance using unmarked vehicles, including a 2025 blue Subaru Outback, a 2019 white Dodge Charger, and a 2016 black Dodge Caravan, all equipped with emergency lights and sirens.

19. Officers observed the white Acura RDX traveled east on Watergate Cir then East on SW Sandalfoot Blvd, stopping at a red light at the intersection of US. 441 and SW Sandalfoot Blvd. Officers positively identified OLIVEIRA as the driver and moved their unmarked vehicles closer to initiate a vehicle stop.

20. Once the light turned green, OLIVEIRA continued northbound onto U.S. 441, then abruptly made a U-turn at Judge Winikoff Road, heading southbound on U.S. 441. OLIVEIRA then made a sudden right turn into a Cumberland Farms gas station and exited through the gas station's rear exit; reentering SW Sandalfoot Blvd heading westbound.

21. At approximately 2:10 pm, all unmarked vehicles converged and positioned to conduct a vehicle stop using a coordinated front, rear, and side pin maneuver. A CBP Officer positioned their vehicle in front of OLIVEIRA, with the ICE Officer positioned to

5

the rear. As the duly authorized law enforcement officers activated their emergency lights and sirens, OLIVEIRA abruptly slammed on the brakes and swerved sharply to the left into oncoming traffic (that is Eastbound traffic on SW Sandalfoot Blvd).

22. OLIVEIRA willfully fled from the attempted vehicle stop at a high rate of speed, forcing the unmarked vehicles and civilian motorists to take immediate evasive actions to avoid a head-on collision. Due to ICE and CBP policy restrictions on high-speed pursuits, Officers immediately discontinued the pursuit. OLIVEIRA's actions violated immigration laws, specifically Title 8 U.S.C. § 1253(b), which mandates OLIVEIRA to comply and depart from the U.S. when required by law or by an order of an immigration judge, in addition, OLIVEIRA committed a new state crime which violates his OS, by willfully refusing to stop and flee from authorized law enforcement vehicles with lights and sirens activated in violation of Florida Statute 316.1935(1).

23. On or about July 31, 2025, ICE surveillance officers located OLIVEIRA at a new residence located at 6745 NW 189th Terrace, Hialeah, Miami-Dade County, Southern District of Florida.

## CONCLUSION

WHEREFORE, on the basis of the foregoing, your affiant respectfully submits that

probable cause exists to charge Guthember OLIVEIRA with violations of Title 8, United States Code, Section 1253(b).

FURTHER YOUR AFFIANT SAYETH NAUGHT.

Respectfully Submitted,

DANIEL RENDUELES
Digitally signed by DANIEL RENDUELES
Date: 2025.08.21 15:14:50 -04'00'

Daniel Rendueles
Deportation Officer
U.S. Immigration and Customs Enforcement

SWORN AND ATTESTED TO ME BY APPLICANT VIA TELEPHONE (FACETIME) PURSUANT TO FED. R. CRIM. P. 4(d) AND 4.1 THIS _____ DAY OF _____

Digitally signed by Bruce Reinhart
Date: 2025.08.21 15:42:45 -04'00'

**BRUCE REINHART**
**UNITED STATES MAGISTRATE JUDGE**

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** GUTHEMBERG FRANCISMAR OLIVEIRA

**Case No:** 25-mj-8457-BER

**Count # 1**

**Willful failure to comply with terms of release under supervision**
**Title 8, United States Code, Section 1253(b)**
* **Max. Term of Imprisonment:** One (1) year
* **Mandatory Min. Term of Imprisonment (if applicable):** not applicable
* **Max. Supervised Release:** One (1) year[1]
* **Max. Fine:** $ 100,000[2]
* **Special Assessment:** $25.00[3]

\* Refers only to possible terms of incarceration, supervised release and fines. It does not include restitution, parole terms, or forfeitures that may be applicable.

---

[1] Title 18, United States Code, Section 3583(b)(3)
[2] Title 18, United States Code, Section 3571(b)(5)
[3] Title 18, United States Code, Section 3013(a)(1)(A)(iii)